IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CIVIL ACTION NO. 2:25-cv-05287 (KBH)**

In re: BRONWYN A. HANAWAY
Debtor
Bankruptcy No. 25-11563 (AMC)

BRONWYN A. HANAWAY
Appellant

v.

CHRISTINE C. SHUBERT, IN HER CAPACITY AS THE CHAPTER 7
TRUSTEE FOR THE ESTATE OF BRONWYN A. HANAWAY
Appellee

Appeal from Order of the United States Bankruptcy Court
for the Eastern District of Pennsylvania
Entered on September 4, 2025

**BRIEF OF THE APPELLEE, CHRISTINE C. SHUBERT, IN HER CAPACITY AS THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF BRONWYN A. HANAWAY, IN SUPPORT OF ORDER ISSUED BY THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA ON SEPTEMBER 4, 2025**

Robert W. Seitzer, Esquire
KARALIS PC
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Counsel to Christine C. Shubert, in her capacity as the Chapter 7 Trustee for the Estate of Bronwyn A. Hanaway*

Dated: December 11, 2025

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................ iii

I.    STATEMENT OF APPELLATE JURISDICTION ............................................................1

II.    THE APPLICABLE STANDARD OF APPELLATE REVIEW AND THE ISSUE RAISED ON APPEAL ...........................................................................................................1

    A.    The Standard of Review.............................................................................................1

    B.    The Issue Presented....................................................................................................2

III.    INTRODUCTION ...............................................................................................................3

IV.    STATEMENT OF THE CASE............................................................................................3

    A.    Bankruptcy Procedural Background .........................................................................3

    B.    The Residential Real Property Owned by the Debtor's Bankruptcy Estate ............3

    C.    The Debtor's Original Income and Expenses ..........................................................3

    D.    The Meeting of Creditors .....................................................................................3, 4

    E.    The Motion to Convert from Chapter 7 to Chapter 13 filed by the Debtor ............4

    F.    The Objection to the Conversion Motion filed by the Trustee ...............................5

    G.    The Debtor's Amendments to her Bankruptcy Schedules.......................................5

    H.    The Secured Debt Encumbering the Real Property .................................................6

    I.    The Hearing on the Conversion Motion ...................................................................6

    J.    Appeal of the 9/4/2025 Order and the Stay Motions ...............................................6

V.    LEGAL ARGUMENT – STANDARD FOR CONVERSION ..........................................6

VI.    SPECIFIC RESPONSES TO APPELLANT'S STATEMENT OF ISSUES ON APPEAL....................................................................................................................9

    A.    In This Matter, A Careful Review Of The Record And The Applicable Decisional Authorities Show That The Bankruptcy Court At No Time Erred When It Denied the Debtor's Motion to Convert Case to Chapter 13 ..................................................................................9

VII.    CONCLUSION..........................................................................................................10

## TABLE OF AUTHORITIES

**FEDERAL STATUTES**

11 U.S.C. § 706(a) ..........................................................................................................6, 7

11 U.S.C. § 706(d) ............................................................................................................. 7

28 U.S.C. § 158(a)(1) .........................................................................................................1

28 U.S.C. § 158(a)(3) .........................................................................................................1

**FEDERAL RULES**

Fed. R. Civ. P. 8001(b) .......................................................................................................1

**FEDERAL CASES**

*Burtch v. Ganz*,
    405 B.R. 148 (E.D. Pa. 2009) ......................................................................................1

*Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*,
    57 F.3d 1215 (3rd Cir. 1995) .......................................................................................2

*Finkel v. Polichuk*,
    2011 U.S. Dist. LEXIS 62324, at *5 (E.D. Pa. June 8, 2011) .....................................1

*In re Am. Classic Voyages Co.*,
    405 F.3d 127 (3rd Cir. 2005) .......................................................................................1

*In re Callahan*,
    2004 U.S. Dist. LEXIS 2538, at *5 (E.D. Pa. Jan. 29, 2004) ......................................1

*In re Campbell*,
    598 B.R. 775, 778-79 (Bankr. M.D. Pa. 2019) ............................................................8

*In re Camden Ordnance Mfg. Co. of Ark., Inc.*,
    245 B.R. 794 (E.D. Pa. 2000) ......................................................................................2

*In re Eagle Enterprises, Inc.*,
    265 B.R. 671 (E.D. Pa. 2001) ......................................................................................1

*Integrated Telecom Express, Inc.*,
    384 F.3d 108, 114 (3d Cir. 2004) ................................................................................9

*In re Lilley,*
    91 F.3d 491 (3d Cir. 1996) ..........................................................................................8, 10

*In re Love*,
    957 F.2d 1350 (7th Cir. 1992 ...............................................................................................10

*In re Martin's Aquarium, Inc.*,
    98 Fed. Appx. 911, 913, 2004 U.S. App. LEXIS 8965, at *5 (3rd Cir. Pa. May 5, 2004) .2

*In re O'Brien Envtl. Energy, Inc.*,
    188 F.3d 116 (3rd Cir. 1999) .................................................................................................1

*In re Olick*,
    2011 U.S. Dist. LEXIS 137839, at *10 (E.D. Pa. Nov. 30, 2011) .......................................1

*In re Pakuris*,
    262 B.R. 330 (Bankr. E.D. Pa. 2001) ................................................................................8, 9

*In re Piccoli*,
    2007 U.S. Dist. LEXIS 72533, at *16-*17 (E.D. Pa. Sept. 27, 2007) ..............................8, 9

*In re Porreco*,
    333 B.R. 310 (W. D. Pa. 2005) ..............................................................................................8

*In re Sheckard,*
    394 B.R. 56 (E.D. Pa. 2008) .................................................................................................2

*In re TWA*,
    145 F.3d 124 (3rd Cir. 1998) .................................................................................................2

*Marrama v. Citizens Bank of Massachusetts,*
    549 U.S. 365, 127 S.Ct. 1105 (2007) ...............................................................................7, 8

I. **STATEMENT OF APPELLATE JURISDICTION**

United States District Courts have mandatory jurisdiction to hear appeals from final judgments, orders and decrees of the Bankruptcy Courts. *See*, 28 U.S.C. § 158(a)(1). *See also*, *In re Callahan*, 2004 U.S. Dist. LEXIS 2538, at *5 (E.D. Pa. Jan. 29, 2004); *In re Eagle Enterprises, Inc.*, 265 B.R. 671, 674 (E.D. Pa. 2001). District Courts also have discretionary jurisdiction over appeals from interlocutory orders of the Bankruptcy Courts, allowing such appeals to be filed with leave of court. *See*, 28 U.S.C. § 158(a)(3). *See also*, Fed. R. Bankr. P. 8001(b); *Finkel v. Polichuk*, 2011 U.S. Dist. LEXIS 62324, at *5 (E.D. Pa. June 8, 2011).

This is an appeal from the Order of the Honorable Ashely M. Chan, Chief United States Bankruptcy Judge, dated and entered on September 4, 2025, denying the Motion for Order Converting Chapter 7 Case to Case Under Chapter 13 filed by Bronwyn A. Hanaway in the bankruptcy case captioned *In re Bronwyn A. Hanaway* pending in the United States Bankruptcy Court at Case No. 25-11563 (AMC). As the Order appealed from is a final judgment, order or decree under 28 U.S.C. § 158(a)(1), this Honorable Court does have jurisdiction over this specific Bankruptcy Court Order.

II. **THE APPLICABLE STANDARD OF APPELLATE REVIEW AND THE ISSUE RAISED ON APPEAL**

A. **The Standard of Review.**

A District Court functions as an appellate court in reviewing final judgments, orders and decrees rendered by Bankruptcy Courts. *See*, *e.g.*, *Burtch v. Ganz*, 405 B.R. 148, 152 (E.D. Pa. 2009), *aff'd by*, 388 Fed. Appx. 204, 2010 U.S. App. LEXIS 15705 (3rd Cir. Pa. July 27, 2010). The District Court reviews a Bankruptcy Court's legal determinations *de novo*. *See*, *In re Olick*, 2011 U.S. Dist. LEXIS 137839, at *10 (E.D. Pa. Nov. 30, 2011) *citing In re Am. Classic Voyages Co.*, 405 F.3d 127, 130 (3rd Cir. 2005) *quoting in turn In re O'Brien Envtl. Energy, Inc.*, 188 F.3d

116, 122 (3rd Cir. 1999). A Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard. *See*, Fed. R. Bankr. P. 8013. *See also*, *In re Sheckard*, 394 B.R. 56, 61 (E.D. Pa. 2008) *citing In re Martin's Aquarium, Inc.*, 98 Fed. Appx. 911, 913, 2004 U.S. App. LEXIS 8965, at *5 (3rd Cir. Pa. May 5, 2004) *citing in turn In re TWA*, 145 F.3d 124, 131 (3rd Cir. 1998). Bankruptcy Court decisions which involve the exercise of discretion are reviewed under the abuse of discretion standard. *See*, *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1223 (3rd Cir. 1995). *See also*, *In re Camden Ordnance Mfg. Co. of Ark., Inc.*, 245 B.R. 794, 797 (E.D. Pa. 2000).

B. **The Issue Presented.**

The instant Appellee, Christine C. Shubert in her capacity as the Chapter 7 Trustee of the estate of Bronwyn A. Hanaway (hereinafter, the "Trustee" and "Appellee") addresses the following issue on appeal presented by Bronwyn A. Hanaway (hereinafter, the "Debtor" and "Appellant") set forth in the Appellant's Statement of Issues on Appeal and suggests a negative answer to the issue.

1. Whether the Bankruptcy Court erred as a matter of law in denying Plaintiff's *[sic]* Motion to Convert Case to Chapter 13, when the Court did not consider any of the factors set forth by the Third Circuit to be employed when deciding a Motion to Convert, and instead presumed bad faith based solely on Defendant's *[sic]* objection, and further would not hear testimony from Plaintiff *[sic]*, who was on the hearing call and willing to testify?

III. **INTRODUCTION**

The Trustee, by and through her undersigned counsel, respectfully submits this Brief of Appellee, in support of the affirmance of the Order of the Honorable Ashely M. Chan, dated September 4, 2025, denying the Debtor's Motion for Order Converting Chapter 7 Case to Case Under Chapter 13.

IV.    **STATEMENT OF THE CASE**

A.    **Bankruptcy Procedural Background.**

On April 23, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania. *See*, Bankruptcy Docket No. 1. On April 30, 2025, the Trustee was appointed which appointment remains in effect.

B.    **The Residential Real Property Owned by the Debtor's Bankruptcy Estate.**

The Debtor's bankruptcy estate owns residential real property located at 802 West Bridge Street, Parkesburg, PA 19365 (the "Real Property"). The Debtor's original Schedule A/B: Property filed on May 26, 2025 indicated that the Real Property had a fair market value of $182,162.00. *See*, Bankruptcy Docket No. 19.

C.    **The Debtor's Original Income and Expenses.**

The Debtor's original Schedule I: Your Income and Schedule J: Your Expenses filed on May 26, 2025, while not computed correctly, reflect that the Debtor had ***negative*** $287.61 in monthly net income. *See*, Bankruptcy Docket No. 19.

D.    **The Meeting of Creditors.**

The 11 U.S.C. § 341(a) meeting of creditors (the "§ 341(a) Meeting") was originally scheduled to be held on May 28, 2025. That being said, none of the requested documents were provided to the Trustee in advance of the first § 341(a) Meeting. As such, the § 341(a) Meeting was continued to June 4, 2025. Neither the Debtor nor her counsel appeared at the continued § 341(a) Meeting on June 4, 2025. Instead, the Debtor's counsel advised the Trustee that the Debtor intended to convert to Chapter 13. As such, the § 341(a) Meeting was continued to July 3, 2025. *See*, Bankruptcy Docket.

The Debtor advised the Trustee that she could not attend the § 341(a) Meeting on July 3,

3

2025 due to family medical reasons. As such, the § 341(a) Meeting was continued to August 27, 2025. The Debtor advised the Trustee that she could not attend the § 341(a) Meeting on August 27, 2025 due to medical reasons. As such, the § 341(a) Meeting was continued to September 12, 2025. After trying to get out of the § 341(a) Meeting again by contacting the Office of the United States Trustee, the Debtor finally attended the § 341(a) Meeting on September 12, 2025. The § 341(a) Meeting was held on September 12, 2025 but continued to October 1, 2025 for the Debtor to provide documents and amend her Bankruptcy Schedules. *See*, Bankruptcy Docket.

E. **The Motion to Convert from Chapter 7 to Chapter 13 filed by the Debtor.**

On June 4, 2025, the Debtor filed the Motion for Order Converting Chapter 7 Case to Case Under Chapter 13 (the "Conversion Motion"). *See*, Bankruptcy Docket No. 22. The Trustee was aware of potential equity in the Real Property prior to the filing of the Conversion Motion.

The Conversion Motion states, *inter alia*, as follows:

- Debtor filed this Chapter 7 case on April 23, 2025.

- Debtor filed the schedules and other documents required.

- A Chapter 13 is in Debtor's best interest.

- Debtor satisfies the requirements to be a Debtor under Chapter 13.

- This case has not previously been converted.

- Movant does consent to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

*See*, Bankruptcy Docket No. 22.

The Debtor did not indicate anywhere in the Conversion Motion that her Bankruptcy Schedules were woefully incorrect or that there was potential equity in the Real Property. *See*, Bankruptcy Docket No. 22.

4

F.    **The Objection to the Conversion Motion filed by the Trustee.**

On June 12, 2025, the Trustee filed an Objection to the Conversion Motion (the "Conversion Motion Objection"). *See*, Bankruptcy Docket No. 27. As set forth in the Conversion Motion Objection, the Trustee argued that the Conversion Motion must be denied because (i) the Debtor was not moving to convert in good faith, (ii) the Debtor could not propose a confirmable chapter 13 plan, (iii) the impact on the Debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion, (iv) the effect of conversion on the efficient administration of the bankruptcy estate and (v) conversion would further an abuse of the bankruptcy process.

G.    **The Debtor's Amendments to her Bankruptcy Schedules.**

After the Conversion Motion Objection was filed, on June 18, 2025, the Debtor filed an Amended Schedule A/B: Property indicating that the Real Property now had a fair market value of $361,600.00.[1] *See*, Bankruptcy Docket No. 30. As such, according to the Debtor, the Real Property had a fair market value of more than $179,000.00 than what was initially disclosed. *See*, Bankruptcy Docket No. 22.

After the Conversion Motion Objection was filed, on June 18, 2025, the Debtor filed an Amended Schedule I: Your Income and Amended Schedule J: Your Expenses reflecting that the Debtor now had ***positive*** $244.00 in monthly net income. *See*, Bankruptcy Docket Nos. 32 and 33. On September 2, 2025, the Debtor filed a Second Amended Schedule J: Your Expenses reflecting that the Debtor now had ***positive*** $344.32 in monthly net income. *See*, Bankruptcy Docket No. 51. As such, the Debtor's monthly net income went from an original ***negative*** $287.61 in monthly net income to a ***positive*** $344.32 in monthly net income.

---

[1] The Debtor filed a Second Amended Schedule A/B: Property on July 17, 2025 and a Third Amended Schedule AB: Property on September 13, 2025 but the fair market value of the Real Property was not changed.

5

**H.      The Secured Debt Encumbering the Real Property.**

The Debtor's Schedule D: Creditors Who Have Claims Secured by Property filed on May 26, 2025 and Amended Schedule D: Creditors Who Have Claims Secured by Property filed on July 17, 2025 both reflect that there are two (2) mortgages encumbering the Real Property in the aggregate amount of $162,659.50.  *See*, Bankruptcy Docket Nos. 19 and 30.  That being said, the two (2) creditors who hold the mortgages filed proofs of claim at Claim Nos. 1 and 4 reflecting an aggregate mortgage balance of $116,757.77.  *See*, Debtor's Bankruptcy Claims Register.

**I.      The Hearing on the Conversion Motion.**

The hearing on the Conversion Motion was held on September 3, 2025.  At the hearing on the Conversion Motion, the Debtor presented no evidence whatsoever.  On September 4, 2025, this Court entered an Order denying the Conversion Motion (the "9/4/25 Order").  *See*, Bankruptcy Docket No. 57.

**J.      Appeal of the 9/4/2025 Order and the Stay Motions.**

On September 11, 2025, the Debtor filed a Notice of Appeal in connection to the 9/4/2025 Order (the "Appeal").  *See*, Bankruptcy Docket No. 63.  On September 12, 2025, the Appeal was docketed with this Court.  *See*, Bankruptcy Docket No. 73.  On September 22, 2025, the Debtor filed a Motion to Stay Pending Appeal in the Bankruptcy Court.  *See*, Bankruptcy Docket No. 78.  On October 30, 2025, the Bankruptcy Court denied the Motion.  *See*, Bankruptcy Docket No. 92.  On November 30, 2025, the Debtor filed a Motion to Stay Pending Appeal in this Court where it is currently pending.  *See*, District Docket No. 11.

**V.     LEGAL ARGUMENT – STANDARD FOR CONVERSION**

Section 706(a) of the Bankruptcy Code provides:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112,

6

1208, or 1307 of this title. Any waiver of the right to convert a case under this title is unenforceable.

The United States Supreme Court considered whether a Chapter 7 debtor has an absolute right to convert to Chapter 13 in the case of *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S.Ct. 1105 (2007). The United States Supreme Court found that there was no absolute right to convert from Chapter 7 to Chapter 13.

The right to convert provided for in § 706(a) is conditioned by the language in § 706(d). Section 706(d) provides:

> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

The Supreme Court in *Marrama* noted as follows:

> There are at least two possible reasons why Marrama may not qualify as such a debtor, one arising under § 109(e) of the Code, and the other turning on the construction of the word "cause" in § 1307(c). The former provision imposes a limit on the amount of indebtedness that an individual may have in order to qualify for Chapter 13 relief. More pertinently, the latter provision, § 1307(c), provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding "for cause" and includes a nonexclusive list of 10 causes justifying that relief. None of the specified causes mentions prepetition bad-faith conduct (although paragraph (10) does identify one form of Chapter 7 error-which is necessarily prepetition conduct-that would justify dismissal of a Chapter 13 case). Bankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause". See n. 1, *supra.* In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of " 'honest but unfortunate debtor[s]'" that the bankruptcy laws were enacted to protect. See *Grogan v. Garner,* 498 U.S. at 287, 111 S.Ct. 654. The text of § 706(d) therefore provides adequate authority for the denial of his motion to convert.

See, *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 372-374, 127 S.Ct. 1105, 1110-1111 (2007).

The Supreme Court in *Marrama* did not delineate a specific test for a bankruptcy court to use in determining whether or not a debtor's attempted conversion from Chapter 7 to Chapter 13 would be bad faith. Prior to the *Marrama* decision, there was case law in the Third Circuit enumerating factors which a court should consider in determining whether a Chapter 13 case should be dismissed pursuant to § 1307(c). *See*, *In re Lilley,* 91 F.3d 491, 496 (3d Cir. 1996); *In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007); *In re Piccoli*, 2007 U.S. Dist. LEXIS 72533, at *16-*17 (E.D. Pa. Sept. 27, 2007) (*citing In re Pakuris*, 262 B.R. 330, 335 (Bankr. E.D. Pa. 2001); *In re Porreco*, 333 B.R. 310, 317 (W. D. Pa. 2005). The general thrust of the case law is that the Bankruptcy Court should make a fact-intensive inquiry and consider the "totality of the circumstances" presented.

The Eastern District of Pennsylvania has stated that a court should consider the following factors in evaluating a § 706(a) motion to convert from Chapter 7:

(i) whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors);

(ii) whether the debtor can propose a confirmable chapter 13 plan;

(iii) the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

(iv) the effect of conversion on the efficient administration of the bankruptcy estate; and

(v) whether conversion would further an abuse of the bankruptcy process.

*See*, *In re Piccoli,* 2007 U.S. Dist. LEXIS 72533, at *16-*17; *Pakuris*, 262 B.R. at 335-36. *See also*, *In re Campbell*, 598 B.R. 775, 778-79 (Bankr. M.D. Pa. 2019). The debtor has the burden of persuasion on the issue of whether their motion to convert was filed in good faith. *See*, *Piccoli*, 2007 U.S. Dist. LEXIS 72533, at *11.

## VI. SPECIFIC RESPONSES TO APPELLANT'S STATEMENT OF ISSUES ON APPEAL

### A. In This Matter, A Careful Review Of The Record And The Applicable Decisional Authorities Show That The Bankruptcy Court At No Time Erred When It Denied the Debtor's Motion to Convert Case to Chapter 13.

As an initial matter, the Debtor presented no evidence whatsoever at the hearing on the Conversion Motion. The Third Circuit has held that a debtor bears the burden of establishing good faith. *See*, *Integrated Telecom Express, Inc.*, 384 F.3d 108, 114 (3d Cir. 2004). *See also*, *Piccoli*, 2017 U.S. Dist. LEXIS 72533, at *11.

The Honorable Ashely M. Chan properly applied the *Piccoli*/*Pakuris* factors in her decision to deny the Conversion Motion. Based upon the totality of the circumstances, Chief Judge Chan found that the Debtor was attempting to convert her case to Chapter 13 in bad faith.

As set forth herein, the Debtor severely undervalued the fair market value of the Real Property. The Debtor was not forthcoming with the Bankruptcy Court and creditors. The Debtor could not propose a confirmable Chapter 13 Plan and comply with the provisions of 11 U.S.C. § 1325(a)(4). Creditors will be severely prejudiced if the Debtor's Conversion Motion was granted. The Debtor has no non-exempt assets other than the Real Property. The only hope for recovery to creditors will come from the liquidation of the Real Property. The Trustee can expeditiously liquidate the Real Property for the benefit of the Debtor's bankruptcy estate. Conversion of this case to Chapter 13 would significantly delay the administration of the Debtor's bankruptcy estate to the detriment of the creditors and put them at risk of non-payment. Allowing the Debtor to convert this proceeding would clearly be another abuse of the bankruptcy process. No party in interest would benefit from the Debtor converting her case to Chapter 13. In fact, the entire creditor body will be negatively impacted in the event of conversion. The Trustee is clearly in the

best position to liquidate the Real Property for the benefit of the Debtor's bankruptcy estate and creditors.

Lastly, it is also important to note that the Third Circuit recognizes that a bankruptcy court's finding of bad faith "is a fact intensive determination better left to the distraction of the bankruptcy court."  *See*, *In re Lilley*, 91 F.3d 491 at 496 (*quoting In re Love*, 957 F.2d 1350, 1355 (7th Cir. 1992)).  As a result, Chief Judge Chan's bad faith finding cannot be set aside as it is not clearly erroneous.

### VII.  CONCLUSION

For all the reasons set forth herein, this Honorable Court must affirm the Bankruptcy Court Order issued by the Honorable Ashely M. Chan on September 4, 2025.

        **Respectfully submitted,**

        **KARALIS PC**

        By:    /s/ Robert W. Seitzer
              ROBERT W. SEITZER
              1900 Spruce Street
              Philadelphia, PA  19103
              (215) 546-4500
              rseitzer@karalislaw.com

        *Attorneys for the Trustee/Appellee*

Dated: December 11, 2025