# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BRONWYN A. HANAWAY**
Appellant,

v.

**CHRISTINE C. SHUBERT,**
Appellee.

**CIVIL ACTION NO. 25-5287-KBH**

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE NO. 25-11563-AMC**
**ORDER ENTERED SEPTEMBER 3, 2025**

**REPLY BRIEF OF APPELLANT, BRONWYN A. HANAWAY**

Sharon S. Masters
132 Overleaf Drive
Thorndale, PA 19372
(610) 322-5277
shmasters@hotmail.com
Attorney for Appellant Bronwyn A. Hanaway

## TABLE OF CONTENTS

i.    TABLE OF CONTENTS

ii.    TABLE OF AUTHORITIES

I.    ARGUMENT ....................................................................................1

II.    CONCLUSION……………………………………………….3

TABLE OF AUTHORITIES

<u>CASELAW</u>

*In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 114 (3d Cir. 2004).1

*In re Krishnaya*, 263 B.R. 63 (Bankr. S.D.N.Y. 2001)..................................3

*In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996)................................................3

*In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007)……………………….......3

*Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365(2007).............2

<u>STATUTES</u>

Fed. R. Evid. 1101(a), (b) …………………………………………………..3

Fed. R. Evid. 101(a) …………………………………………………………..3

**I. ARGUMENT**

Contrary to Appellee's completely falacious statement that Appellant presented no evidence at the hearing on the Motion to Convert Case to Chapter 13, Judge Chan **did not permit** Appellant's counsel to present evidence, **including, most important, the testimony of Appellant who was on the hearing call**. Appellant was not permitted to establish good faith as required by the Third Circuit. *See In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 114 (3d Cir. 2004). The transcript of that hearing clearly shows Appellant's counsel's repeated attempts to speak on behalf of Appellant. Judge Chan would not hear any evidence and merely treated Appellee's objection as a statement of fact and conclusion of law. Below are a few examples.

> THE COURT: So, Ms. Masters, I understand you filed a boilerplate motion seeking to convert the case to Chapter 13 (Appendix, A-32).

In fact, the Motion was not at all boilerplate and a brief in support was also filed (Appendix A-4 to A-7), although not addressed or even mentioned by the Court.

> THE COURT: Well, I'll tell you – I'll tell you what I think the Chapter 7 Trustee is thinking. Sometimes we have debtors who file a Chapter 7 case and hope that the Chapter 7 Trustee will go along with the valuation listed by the Debtor and the hopes of keeping their property, that he'll determine – he or she will determine that it's not worth their effort to sell the property.
> And sometimes debtors file these cases, knowing that the value of the real property is actually significantly higher than the amount listed on the

schedule … And given the fact that no documents were given … you guys didn't attend the 341, you know, I can draw that inference that the Debtor acted in bad faith and I am willing to do that in this case" (Appendix A-35 to A-36).

These statements by the Court are not a review of evidence in this case, but merely the Court's interpretation of what the Appellee was thinking when she objected to the Motion to Convert.  Appellant was not permitted to testify as to why the valuation was underreported, where she obtained the valuation information, what was her intention or any other evidence regarding good faith.  On the basis of the initially filed documents, which Appellant's counsel has acknowledged contained inadvertently erroneous information, and despite every amendment filed and explanation given by Appellant's counsel why the initial information was erroneous,

> THE COURT:    [Undervaluation of fair market value and failure to attend the 341 meeting] to me suggests that **all kinds of mistakes were met at this case – were committed in this case, I'm going to deny the motion to convert**. (A-41) (emphasis added).

Judge Chan herself stated that she was denying the motion to convert because many mistakes were made  - mistakes that were acknowledged and promptly corrected.  Mistakes are not evidence of bad faith.  As the Supreme Court stated, the debtor must have engaged in "atypical" and "extraordinary" behavior to justify denial of conversion. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365,

2

375 (n.11) (2007). Ordinary mistakes, omissions, or financial mismanagement do not bar conversion. *In re Krishnaya*, 263 B.R. 63 (Bankr. S.D.N.Y. 2001).

The determination of bad faith is "**a fact intensive determination** better left to the discretion of the bankruptcy court." *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996) (emphasis added); *In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007). Appellant was denied the opportunity to present evidence; therefore there could be no "fact intensive determination." Though there has been a relaxed standard with federal court hearings in the wake of the 2020 COVID-19 pandemic, there has been no significant changes or amendments to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Federal Rules of Evidence. Indeed, the Federal Rules of Evidence explicitly "apply to proceedings before …United States bankruptcy judges…in civil cases and proceedings, including bankruptcy...." Fed. R. Evid. 1101(a), (b). These evidentiary rules "apply to proceedings in United States courts." Fed. R. Evid. 101(a). A bankruptcy judge may not choose to ignore the rules of evidence simply because she opts to hear a matter over the telephone.

## II.   CONCLUSION

The bankruptcy court did not perform the analysis required by *Mammara* and *Lewis* to determine whether the case must be prevented from conversion to Chapter 13. Moreoever, the bankruptcy court heard no evidence from Appellant

3

so that a conclusion could be reached based on the facts of this particular case. Debtor strongly believes that when the District Court applies that analysis, it will reverse the September 3, 2025 Order and permit conversion of the case.

                                          Respectfully submitted,

                                          */s/ Sharon S Masters*
                                          Sharon S. Masters, Esquire
                                          132 Overleaf Drive
                                          Thorndale, PA  19372
                                          (610) 322-5277
                                          shmasters@hotmail.com
                                          Attorney for Debtor Bronwyn Hanaway

Dated:        12/28/2025

## CERTIFICATION OF BAR MEMBERSHIP

I hereby certify that I am a member of the bar of the United States District Court for the Eastern District of Pennsylvania

    /s/ *Sharon S. Masters*
**SHARON S. MASTERS**

## CERTIFICATE OF COMPLIANCE WITH RULES

I hereby certify that this brief complies with Fed. R. Bankr. P. 8014 in that it does not exceed 7 pages in length.

This brief complies with the typeface requirements of Fed. R. Bankr. P. 8014 because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman type.

I certify that the text of the brief filed electronically is identical to the paper copies filed with the court.

    /s/ *Sharon S. Masters*
**SHARON S. MASTERS**

## CERTIFICATION OF SERVICE

I, SHARON S. MASTERS, hereby certify that the foregoing Appellant's reply brief was served, on the date below, by way of the Court's ECF system, upon:

Robert W. Seitzer, Esquire
Karalis PC
1900 Spruce Street
Philadelphia, PA  19103

    /s/ *Sharon S. Masters*
**SHARON S. MASTERS**

DATED: December 28, 2025