# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: BRONWYN HANAWAY,                          CHAPTER 7

          DEBTOR

                                              NO.25-5287

---

BRONWYN HANAWAY,

    Debtor/Appellant

                   v.

CHRISTINE SHUBERT,

    Trustee/Appellee

### REQUEST FOR DETERMINATION OF
### MOTION FOR STAY OF SEPTEMBER 3, 2025 ORDER DENYING
### <u>MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 13</u>

Appellant, Bronwyn Hanaway, by her counsel, Sharon S. Masters, Esquire, hereby respectfully requests this Honorable Court decide her Motion to Grant Stay Pending Appeal of the bankruptcy court's September 3, 2025 Order denying Debtor's Motion to Convert Case to Chapter 13, and in support thereof avers as follows.

The September 3, 2025 Order denying Debtor's Motion to Convert Case to Chapter 13 is highly prejudicial to Debtor but has minimal impact on the Chapter 7 Trustee or the administration of the bankruptcy estate.  To date, Debtor has attended with counsel the 341 Meeting of Creditors, has complied with the Chapter 7 Trustee's request to arrange for the Trustee's designated realtor to evaluate Debtor's property for sale. Recently, the Chapter 7 Trustee filed a Motion to Compel Debtor to Provide Access to Residential Real Property

and Related Relief. The bankruptcy court entered an order granting the Motion. Debtor is now faced with the present and realistic possibility that the property will be shown to prospective purchasers and sold prior to this Court hearing the Appeal in this matter, resulting in irreversible harm to Debtor.

Debtor believes and therefore avers, that there are substantial grounds for the District Court to modify or reverse the September 3 Order on appeal.  At the September 3, 2025 hearing on Debtor's Motion to Convert, the bankruptcy court did not apply the appropriate legal analysis to establish Debtor's good faith; in fact, it did not hear any evidence from the Debtor despite her presence at the telephonic hearing and permitted Debtor's counsel to speak only with great reluctance, as the transcript will show (Item of Record #4). This is reversible error and the basis for this appeal.

The bankruptcy court did not perform the analysis required to determine whether the case must be prevented from conversion to Chapter 13.  Debtor strongly believes that when the District Court applies that analysis, it will reverse the September 3, 2025 Order and permit conversion of the case.  In the meantime, Debtor must be protected from the trustee's aggressive efforts to sell her home before the appellate court can hear the appeal.

Respectfully submitted,
*/s/ Sharon S Masters*
Sharon S. Masters, Esquire
132 Overleaf Drive
Thorndale, PA  19372
(610) 322-5277
shmasters@hotmail.com
Attorney for Debtor Bronwyn Hanaway

Dated: 1/19/2026

## IN **THE UNITED STATES DISTRICT COURT**
## **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: BRONWYN HANAWAY                    CHAPTER 7

                                                          NO. 25-5287

        DEBTOR

---

BRONWYN HANAWAY,                          :
                                          :
        Debtor/Movant.                    :
                                          :
                V.                        :
                                          :
CHRISTINE SHUBERT,                        :
                                          :
        Trustee/Respondent.               :
                                          :
                                          :
                                          :
                                          :
                                          :
            :                             :

        AND NOW, this day of _____, 2025, it is hereby ORDERED that pursuant to FRBP

8007 for a stay of the order dated September 3, 2025, denying Debtor's Motion to Convert to

Chapter 13, the Motion is hereby GRANTED. Respondent Christine Shubert, Chapter 7

Trustee is stayed from proceeding with any actions in the Chapter 7 bankruptcy case, including

but not limited to, actions in furtherance of the sale of Debtor's real estate pending hearing,

determination, and further order of the district court.


                                          _____

                                                                       J.