## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **BRONWYN A. HANAWAY** | : | **CASE NO. 25-05287-KBH** |
| | : | |
| **Debtor** | : | |
| | : | |

### SUPPLEMENT TO OBJECTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE AND APPELLEE, TO MOTION FOR STAY OF SEPTEMBER 3, 2025 ORDER DENYING MOTION TO CONVERT CASE TO CHAPTER 13

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Appellee") for the estate of Bronwyn A. Hanaway (the "Debtor"), by and through her counsel, Karalis PC, hereby submits this Supplement (the "Supplement") to the Objection (the "Objection") to the Debtor's Motion for Stay of September 3, 2025[1] Order Denying Motion to Convert Case to Chapter 13 (the "Stay Motion"), and in support thereof, respectfully states as follows:

### BACKGROUND

**A.     Procedural Background.**

1.     On April 23, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

2.     On April 30, 2025, the Trustee was appointed which appointment remains in effect.

**B.     The Appeal.**

3.     On September 11, 2025, the Debtor initiated the instant appeal of the Order Denying Motion to Convert Case to Chapter 13.

---

[1] The Order at issue is actually dated September 4, 2025, not September 3, 2025.

**C.**    **The Stay Motion.**

4.    On November 30, the Debtor filed the Stay Motion.

5.    The Stay Motion was filed to prevent the Trustee from selling the Debtor's residential real property located at 802 West Bridge Street, Parkesburg, PA 19365 (the "Real Property").

**D.**    **The Objection.**

6.    On December 1, 2025, the Trustee filed the Objection to the Stay Motion.

7.    The Objection is incorporated herein as if fully set forth at length.

**E.**    **The Sale of the Real Property.**

8.    On March 6, 2026, the Bankruptcy Court entered an Order authorizing the sale of the Real Property (the "Sale Order"). The Sale Order is attached hereto as Exhibit "A" and made a part hereof.

9.    On April 21, 2026, the Real Property was sold. The Seller's Final Closing Statement is attached hereto as Exhibit "B" and made a part hereof.

## SUPPLEMENT

10.    As the Real Property was sold, the Stay Motion is statutorily moot.

11.    Section 363(m) of the United States Bankruptcy Code, which states:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

*See,* 11 U.S.C. § 363(m).

12.    Section 363(m) moots a challenge to a sale if (1) the purchaser at the sale purchased the property "in good faith"; (2) "the underlying sale or lease was not stayed pending the appeal"; and (3) "the court, if reversing or modifying the authorization to sell or lease, would be affecting

the validity of such a sale or lease." *See, In re Pursuit Capital Mgmt., LLC*, 874 F.3d 124, 135 (3d Cir. 2017).

13.     The first element of the above analysis is clearly met as the Bankruptcy Court found that the purchaser of the Real Property purchased the Real Property in good faith. *See*, Exhibit "A", ¶ 10. As for the question of good faith, a purchaser acts in good faith if he "purchases in 'good faith' and for 'value.'" *See, Pursuit Capital*, 874 F.3d at 135. Because the question of good faith is a factual question, a district court reviews a bankruptcy court's good faith finding under a clearly erroneous standard of review. *See, Id. See also, Campbell v. Conway*, 611 B.R. 38, 43 (M.D. Pa. 2020) (noting that district courts acting on appeal from bankruptcy courts "review basic and inferred facts under the clearly erroneous standard"). Here, the Bankruptcy Court concluded that the purchaser of the Real Property was a good faith purchaser and the Debtor has not disputed that conclusion.

14.     The second and third elements of the above analysis are also clearly met in the present case.

15.     It is undisputed that the Bankruptcy Court denied the Debtor's Motion to Stay Pending Appeal and this Court did not rule on the Stay Motion prior to the sale of the Real Property.

16.     It is also undisputed that an Order from the Court reversing or modifying the authorization to sell would also clearly affect the validity of the sale because the sale has been finalized. *See*, Exhibit "B".

17.     Accordingly, because all the elements of the statutory mootness analysis are met, the Stay Motion is moot. *See, Pursuit Capital*, 874 F.3d at 135.

## CONCLUSION

18.     For the foregoing reasons, the Stay Motion must be denied as it is moot.

**WHEREFORE,** the Trustee respectfully requests the entry of an Order (i) denying the

Stay Motion and (ii) granting such other and further relief as this Court deems just and proper.


**Respectfully submitted,**

**KARALIS PC**


By:     /s/ Robert W. Seitzer
        ROBERT W. SEITZER
        1900 Spruce Street
        Philadelphia, PA  19103
        (215) 546-4500
        rseitzer@karalislaw.com

        *Attorneys for the Trustee/Appellee*

Dated: April 22, 2026